IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Eugene Keesee,<br><br>  Petitioner,<br><br>vs.<br><br>Craig Apker,<br><br>  Respondent. | No. CV 10-416-TUC-AWT (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se:* (1) Motion Clarifying Summary Judgment of April 1, 2011 (Doc. 21); and (2) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. 1). Respondents have filed a Return and Answer (hereinafter "Answer") (Doc. 11) and Petitioner filed a Reply (Doc. 14). Pursuant to Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Motion Clarifying Summary Judgment of April 1, 2011, and deny and dismiss Petitioner's Petition for Writ of Habeas Corpus.

**I.   DISCUSSION**

Petitioner is an inmate currently incarcerated at the Federal Satellite Prison Camp, in Tucson, Arizona. (Answer, p. 2 & Att. 6, ¶2). In June 2002, Petitioner was sentenced to a term of 180 months of imprisonment, 60 months of Supervised Release, and a $100 Special

Assessment for violation of 18 U.S.C. §§922(g)(1) and 924(e), Felon/Armed Career Criminal Possession of a Firearm. (Answer, Att. 2). Petitioner currently has a Good Conduct Time release date of August 11, 2013, and a full term release date of July 15, 2015. (Answer, p.2).

Petitioner claims that the Bureau of Prisons (hereinafter "BOP") failed to properly assess his eligibility for admission to a Residential Drug Abuse Treatment Program (hereinafter "RDAP"), the successful completion of which would entitle Petitioner to consideration in the discretion of the BOP for a sentence reduction of up to twelve months. Petitioner also claims that he received improper notice about the early release procedure, and that the BOP's review procedures constitute venue shopping. Petitioner requests that the Court "[i]nstruct the BOP to reconsider...[his] eligibility for early release under [18 U.S.C. §] 3621(e)(2)(B) without regard to BOP's Rules effective 3/16/2009, instead, with the Early Release Procedures pursuant to 18 U.S.C. §3621(e) *PREVIOUS* (before) 3/16/2009." (Petition, p. 9) (emphasis in original).

Respondent argues that this matter should be dismissed because Petitioner failed to exhaust administrative remedies. Alternatively, Respondent argues that Petitioner's claims fail on the merits.

A.   Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,'...and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000) *(quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004))*. With regard to habeas petitions, federal jurisdiction is dependent upon a proper characterization of the petition. *Gay v. Winn,* 2009 WL 275324, *2 (D.Ariz. Feb. 5, 2009).

Generally, an action to contest the legality of a sentence must be filed pursuant to 28 U.S.C. §2255, whereas an action to challenge the execution of a sentence must be filed pursuant to 28 U.S.C. § 2241. *Hernandez,* 204 F.3d at 864. Petitioner does not claim that the sentencing court imposed an illegal sentence. Instead, he challenges the manner,

location, or condition of the execution of his sentence. *See e.g. Gay,* 2009 WL 275324 at * 2 (*citing Rogers v. United States,* 180 F.3d 349 (1st Cir. 1999)). Petitioner's claims regarding denial of his participation in the RDAP which, in turn, could have resulted in his early release from prison, falls under section 2241. *See e.g. Close v. Thomas*, __ F.3d. __, 2011 WL 3319547 (9th Cir. Aug. 3, 2011) (considering, under 28 U.S.C. § 2241, challenge of procedure for RDAP eligibility); *Arrington v. Daniels,* 516 F.3d 1106 (9th Cir. 2006) (same). Further, because Petitioner is incarcerated at the Federal Satellite Prison Camp in Tucson, Arizona, this Court has jurisdiction over this matter. *Francis v. Rison,* 894 F.2d 353 (9th Cir. 1990); *Gay*, 2009 WL 275324 at * 2.

B. <u>Motion Clarifying Summary Judgment (Doc. 21)</u>

On February 9, 2009, Petitioner filed a "Motion to Stipulate to Consent [sic] Exercise of Jurisdiction by United States Magistrate Judge Hector C. Estrada Pursuant [sic] Title 28 U.S.C. §636(c)(1)." (Doc. 16). The Government objected (Doc. 18). Thereafter, Petitioner filed a Motion for Summary Judgment (Doc. 19), which the Court construed as a response to the Government's objection to proceed under 28 U.S.C. §636(c). (Doc. 20). The Court ultimately denied Petitioner's Motion to stipulate to proceed pursuant to section 636(c). (*Id.*). Petitioner now contends that his Motion for Summary Judgment also requested entry of summary judgment because Respondent did not appropriately respond to Petitioner's habeas petition. (Doc. 21). Petitioner's current motion primarily addresses his dissatisfaction with Respondent's decision not to consent to the Court's exercise of jurisdiction pursuant to section 636(c). Upon review of the record, as discussed within this Report and Recommendation, Respondent has addressed Petitioner's claims on the merits and the Court concludes that Petitioner's claims are without merit. Thus, Petitioner has not demonstrated that he is entitled to summary judgment.

C. <u>Exhaustion</u>

Federal prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. §2241. *See Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir. 1991); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986).

The failure to satisfy the exhaustion requirement applicable to section 2241 proceedings is not jurisdictional. *Brown v. Rison,* 895 F.2d 533, 535 (9th Cir. 1990) *overruled on other grounds by Reno v. Koray,* 515 U.S. 50, 54-55 (1995). Thus, where a federal prisoner fails to properly exhaust administrative remedies prior to filing a section 2241 petition, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.* The district court may exercise its discretion to excuse the exhaustion requirement if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or cause irreparable injury. *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir. 1993); *United Farm Workers of America v. Arizona Agr. Emp't. Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir. 1983). Factors weighing in favor of requiring exhaustion include whether (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct is own mistakes and to preclude the need for judicial review. *Noreiga-Lopez v. Ashcroft,* 335 F.3d 874, 880-81 (9th Cir. 2003) (*citing Montes v. Thornburgh,* 919 F.2d 531, 537 (9th Cir. 1990)). *See also Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir. 1983) (recognizing that requiring exhaustion of administrative remedies "will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.").

The BOP has established an Administrative Remedy Program which requires the prisoner to proceed through a four-tier review process comprised of: (1) an informal resolution process with institutional staff, *see* 28 C.F.R. §542.13; (2) a formal written Administrative Remedy Request to the warden, *see* 28 C.F.R. §542.14; (3) an appeal to the BOP Regional Director, *see* 28 C.F.R. §542.15; and (4) an appeal to the BOP General Counsel, *see id.* ("Appeal to the General Counsel is the final administrative appeal.").

Additionally, effective June 18, 2010,

> formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel.

28 C.F.R. §542.14(d)(5); (*see also* Reply, Att. 1).. The regulation is clear that "[t]he purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §542.10(a).

Respondent points out that "Petitioner bypassed the administrative remedy system and filed his habeas corpus petition on July 19, 2010. After filing with the District Court, Petitioner bypassed the informal resolution stage and institutional grievance..." and instead filed an appeal with the Regional Director's Office. (Answer p. 3 (*citing* Answer, Att. 6 Internal Exh. 3)).

Petitioner claims that "he filed his administrative remedy *directly* with..." the Designation and Sentence Computation Center (hereinafter "DSCC") because the decision at issue was made at that location and not by the Warden. (Reply, pp. 5-6). Petitioner further asserts that his administrative remedy request was returned to him with directions to submit it to the Warden, but Petitioner instead filed with the Regional Director's Office. (Reply, pp. 5-6). Petitioner does not specify the dates of such filings or responses. (*See id.*). Petitioner argues that his attempt to exhaust administrative remedies was correct pursuant to 28 C.F.R. § 542.14(d)(5), because section 542.14 was amended effective June 18, 2010 to permit requests for formal review of decisions not originating from the Warden to be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel. (*Id.* at p.6 & Exh. A).

The decision denying Petitioner's participation in the RDAP was issued on May 21, 2010. (*See* Answer, Att.3). Pursuant to 28 C.F.R. §542.14(a), "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred[]" unless an extension is granted. Because section 542.14(d)(5) was

not yet effective 20 calendar days after the May 21, 2010 decision, Petitioner was bound by the exhaustion procedures in effect at the time. Petitioner has not demonstrated that he followed the appropriate procedure to exhaust his administrative remedies.

Petitioner also argues that exhaustion is futile given the time frame required for exhaustion and in light of the fact that a decision must be made in time for Petitioner to be transferred to a facility offering an RDAP facility. (*See* Petitioner's Brief in Support of Petition (Doc. 1), pp. 3-4). Petitioner points out that "[a]t best (the least amount of time required) to become eligible for §3621(e) consideration is *16 months* which ends *November 2011*. This precludes BOP's RRC [sic] placement consideration within the prescribed 17-19 months from Statutory Projected Release Date. Hence, any attempt to *exhaust* would make all these efforts VOID and the underlying purpose of the exhaustion requirement would no longer be served." (*Id.* at p. 4) (emphasis in original).

Respondent is correct that Petitioner has failed to properly exhaust the required administrative remedies. However, Respondent has submitted pertinent records and argument to support his position that Petitioner's claim is meritless. Upon review of Respondent's Answer, there is no possibility that the relief applied for may be granted at the administrative level. Nor is there need to provide the administrative agency an opportunity to correct errors in hope of precluding the need for judicial review given that Respondent herein asserts no error was made and as discussed *infra*, Respondent is correct that Petitioner's claims are meritless. Although the Court does not condone Petitioner's bypass of the administrative exhaustion requirements, given the time concerns at issue, the Court will review the merits of Petitioner's claim despite Petitioner's failure to exhaust. *See Fraley,* 1 F.3d at 925. *See also Parsons v. Sanders,* 2010 WL 5676523, *1 (D. Ariz. Dec. 20, 2010) (court need not address exhaustion where claim is without merit).

D.   Statutory Background

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson,* 503 U.S. 329, 335 (1992) (*citing* 18 U.S.C. §3621(a)). "Congress has outlined the terms of

federal imprisonment in 18 U.S.C. § 3621." *Mora-Meraz v. Thomas,* 601 F.3d 933 (9th Cir. 2010). In 1990, Congress amended section 3621 "'to make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of the substance addiction or abuse.'" (*Id.*) (*quoting* Pub.L. No. 101-647, §2903, 104 Stat. 4789, 4913 (1990) (codified at 18 U.S.C. §3621(b)). The BOP created the RDAP to satisfy this mandate. *Chatman v. Thomas,* 2011 WL 2198296, *1 (D. Or. June 7, 2011). "Four years later, in response to under utilization of treatment programs, Congress again amended the statute to provide an early release incentive to encourage prisoner participation." *Arrington,* 516 F.3d at 1109 (*citing* Pub.L. No. 103-322, §32001, 108 Stat. 1796, 1896-97 (codified at 18 U.S.C. § 3621(b)(5), (e)). Under, 18 U.S.C. § 3621(e)(2)(B), the BOP

> may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment.

*Id.* (*citing* 18 U.S.C. §3621(e)(2)(B)). The Supreme Court has held that the BOP has discretion to narrow the class of prisoners eligible for this credit. *See Lopez v. Davis,* 531 U.S. 230 (2001).[1]

"In May 1995, the BOP promulgated its first rule and corresponding regulation detailing procedures to determine eligibility for early release under section 3621(e)." *Arrington,* 516 F.3d at 1109 (*citing* 60 Fed. Reg. 27692 (May 25, 1995); 28 C.F.R. §550.58 (1995)). These regulations and guidelines, in pertinent part, excluded prisoners convicted of a felony involving the use of a firearm, including convictions for being a felon in possession of a firearm under 18 U.S.C. §922(g), from eligibility for early release under section 3621(e)(2). *See Id.* at 1109-10.

In 1997, the Ninth Circuit held that the BOP "must consider eligible for early release as nonviolent offenders those with convictions under 18 U.S.C. 922(g)..." because such crime

---

[1] In deciding in *Lopez* that the BOP has discretion to narrow the class of prisoners eligible for early release under section 3621(e), "the [Supreme] Court did not consider an A[dministrative] P[rocedures] A[ct] challenge to the validity of the Bureau's...rule." *Arrington,* 516 F.3d at 1115.

did not qualify as a crime of violence. *Id.* at 1110 (*citing Davis v. Crabtree,* 109 F.3d 566, 668-70 (9th Cir. 1997)("the BOP may not interpret the term 'nonviolent offense' to exclude the offense of felon in possession a firearm.")).

Thereafter, the BOP promulgated an interim rule, which the Ninth Circuit struck down in 2005 on procedural grounds, holding that the BOP failed to comply with the notice and comment provisions of the Administrative Procedures Act (hereinafter "APA"). *Id.,* 516 F.3d at 1110 (*citing Paulsen v. Daniels,* 413 F.3d 999, 1004 (9th Cir. 2005)).

In December 2000, the BOP promulgated a final rule that was "identical to the 1997 interim rule, [and] relied on the Bureau's discretion to narrow the class of prisoners eligible for early release by excluding those convicted of offenses involving the carrying, possession, or use of a firearm or other dangerous weapon or explosives." *Id.* (*citing* 65 Fed.Reg. 80745, 80747-748 (Dec. 22, 2000)). However, the Ninth Circuit subsequently invalidated the rule under the APA. *Id.* at 1112-16.

"As a result of the *Davis and Arrington* decisions, the BOP promulgated new interim rules governing early release eligibility. In January 2009, the BOP promulgated a final rule", 28 C.F.R. §550.55(b)(5). *Chatman,* 2011 WL 2198296 at * 3 & n.5 (*citing* 74 Fed.Reg. 1892-01 (Jan. 14, 2009)). "On March 16, 2009, BOP issued a Program Statement titled 'Early Release Procedures Under 18 U.S.C. §3621(e). The purpose of the document is to []re-establish criteria and procedures when considering an inmate for early release pursuant to 18 U.S.C. §3621(e)(2)(B) for the successful completion of the Residential Drug Abuse Program.[]" *Close,* __ F.3d __ 2011 WL 3319547 at *1 n.1. "The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009." *Chatman,* 2011 WL 2198296 at *3 n.5. Also effective March 16, 2009 is BOP's Program Statement P5162.05 titled "Categorization of Offenses." (*See* Answer, Att. 1).

Under these current regulations and Program Statement P5162.05, in pertinent part, the BOP may preclude a prisoner from receiving early release under section 3621(e)(2)(B) if the prisoner has a current felony conviction of an offense that involved carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any

- 8 -

explosive material or explosive device). *See* 28 C.F.R. §550.55(b)(5)(ii); Program Statement P5162.05.[2]

To successfully complete the RDAP, a prisoner must complete a unit-based component of a minimum 500 hours, follow-up services, and a transitional drug abuse treatment component. (Answer, p.4 (*citing* 28 C.F.R. §550.53, Program Statement P5330.11)).

### E. Petitioner's Claims

It is undisputed that the BOP applied the rule and pertinent program statements effective March 16, 2009 in concluding in May 2010 that Petitioner was precluded from eligibility for section 3621(e)(2)(B) early release. (*See* Answer, Atts. 3, 5) The offense review requests reflects, *inter alia,* that Petitioner is currently imprisoned for being a Felon/Armed Career Criminal in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e). (Answer, Att. 3). Petitioner contends that the March 2009 rules should not apply to him because he applied for RDAP consideration before March 2009, he was not given fair notice about the rules, and because the BOP's review procedures constitute forum shopping.

Respondent points out that for a prisoner to be evaluated under the *Arrington* decision:

> (1) The inmate must currently be housed in a Ninth Circuit institution, AND have been determined to meet the qualifications to participate in the BOP's RDAP; or
> (2) The inmate must have completed the unit-based portion of RDAP in a Ninth Circuit institution, regardless of his or her current place of incarceration.

(Answer, p.7 (*citing* Att. 5, ¶7)) (capitalization in original). According to Respondent, Petitioner did not fall within the *Arrington* decision because Petitioner did not request to participate in RDAP prior to March 16, 2009 while confined in a Ninth Circuit institution and Petitioner did not complete the unit based portion of RDAP while confined in a Ninth Circuit institution. (*Id.*). Further according to Respondent, Petitioner's previous designated

---

[2] Program Statement P5162.05 is Attached to Respondent's Answer at Att.1.

- 9 -

place of confinement was in Florence, Colorado, in the jurisdiction of the Tenth Circuit Court of Appeals. (*Id.*).

### 1. Claim 1: Effect of Request Made Prior to March 16, 2009

Petitioner alleges in his Petition that prior to March 16, 2009, "he requested from SPC-Tucson Psychology Staff to be..." considered for RDAP participation. (Petition, p.4 (*citing* Petitioner's Affidavit, attached to Doc. 1)). According to Petitioner, BOP staff informed him that he could not be considered for RDAP participation because he was more than three years from his projected statutory release date. (*Id.*).

Petitioner's affidavit reflects that he has been incarcerated at the Satellite Prison Camp in Tucson, Arizona, since *June 24, 2009.* (Affidavit, ¶1). Petitioner avers in his Affidavit that prior to March 16, 2009: "I arranged a meeting with my Florence (Colorado) Prison Camp- Unit Team to discuss my request for immediate consideration for the RDAP Program." (*Id.* at ¶3). Thus, Petitioner's sworn statement does not support the allegation in his Petition that prior to March 16, 2009, he requested that BOP staff at the *Tucson* facility consider him for RDAP placement. Instead, given that Petitioner concedes that he was not transferred to the facility in Tucson until June 24, 2009, the record supports Respondent's position that Petitioner was ineligible for application of the *Arrington* decision because Petitioner had not requested RDAP consideration prior to March 16, 2009 while confined at an institution within the jurisdiction of the Ninth Circuit Court of Appeals.

Moreover, prior to March 16, 2009, Program Statement P5330.10 was in effect and provided the policy and procedural guidelines for inmates' early release eligibility after participation in the RDAP. *See Parsons,* 2010 WL 5676523 at *2. "One of the eligibility requirements for RDAP was that the inmate generally had to be within 36 months of his release date." (*Id.* (*citing* Program Statement P5330.10)). Petitioner avers in his Affidavit that he was informed by the BOP staff in Florence, Colorado, that to be eligible for RDAP consideration, Petitioner's projected statutory release date had to be no more than 36 months from the date of his request. (Petitioner's Affidavit, ¶4). Petitioner acknowledges that "BOP policy and practice was clear, unless an inmate was within THREE [3] years of his projected

- 10 -

statutory release date...BOP categorically refused to consider any request for RDAP consideration." (Petition, p.4).

On the instant record, Petitioner has not demonstrated that he was confined within the jurisdiction of the Ninth Circuit when he alleges he requested to be considered for RDAP placement prior to March 2009. Instead, Petitioner's Affidavit reflects that he did not arrive at a facility within the Ninth Circuit until June 2009. Moreover, even if Petitioner somehow fell under the *Arrington* decision regarding the offense for which he stands convicted, he concedes that BOP policy required that he be within 36 months of his statutory release date for RDAP consideration. He did not satisfy that criteria prior to March 2009. "Thus, prior to March 2009, Petitioner was ineligible for participation in a RDAP and, therefore, not eligible for the accompanying sentence reduction." *Parsons,* 2010 WL 567523 at *2. Since March 2009, when the new rules came into effect, Petitioner has been ineligible for sentence reduction due to his conviction for being a felon/armed career criminal in possession of a firearm. Thus, Petitioner has not established entitlement to a sentence reduction under 18 U.S.C. §3621(e). *See id.*[3]

### 2. Claim 2: Notice

On March 28, 2008, all BOP Chief Executive Officers were instructed to post a Notice to the inmate population entitled "IMPORTANT NOTICE TO INMATES: Reconsideration of §3621(e)(2)(B) Early Release Eligibility After Ninth Circuit's Decision in *Arrington v. Daniels*". (Answer, pp. 7-8 & Atts. 3, 5) (capitalization in original) (emphasis omitted).

---

[3] Petitioner argues that in *Parsons*, Respondent only argued that the inmate was more than 36 months away from his projected release date. (Reply, p. 3). According to Petitioner, the fact that Respondent raises a different argument herein, *i.e.* that Petitioner was ineligible because he did "not request to participate in RDAP prior to March 16, 2009 in a Ninth Circuit institution", renders Respondent's argument disingenuous and results in a due process violation. (*Id.*). Like the inmate in *Parsons*, Petitioner had more than 36 months of imprisonment left before his projected statutory release date at the time of any purported request predating March 2009. However, Petitioner was also housed at a facility outside the Ninth Circuit prior to March 2009 and Respondent was entitled to argue that factor as well.

- 11 -

Petitioner alleges that BOP provided inadequate notice of the March 16, 2009 eligibility changes for sentence reduction under 18 U.S.C. §3631(e), thus violating his due process rights. (Petition, p.5). He argues that had the notice clearly advised that: "*ALL* currently sentenced inmates, regardless of time remaining to be served, in order to preserve early release procedures pursuant to 18 U.S.C. §3621(e), should immediately request consideration *BEFORE* 3/16/2009–he would have undougtedly [sic] done so." (Brief in Support of Petition, p.8) (emphasis in original). However, as discussed *supra*, Petitioner was not eligible for participation in a RDAP prior to March 16, 2009, because he was not within 36 months of release. In a case similar to Petitioner's on this issue, the District Court for the District of Arizona has concluded that:

> even if Petitioner had been provided additional notice of the impending changes to the eligibility requirements for sentence reduction and had made a request for RDAP participation prior to the change, he was not eligible for the program at that time. Regardless of any alleged notice violation, Petitioner was not harmed and is not entitled to relief.

*Parsons*, 2010 WL 5676523 at *2. That reasoning is sound and equally applicable to Petitioner herein. Likewise, Petitioner's claim fails on the merits.

### 3. Claim 3: Venue Shopping

Under Program Statement, P5331.02, effective March 16, 2009, inmate eligibility shall be determined by BOP staff at the national DSCC in Grand Prairie, Texas. *See* P5331.02. (*See also* Answer, p. 8)("The BOP created the DSCC in Grand Prairie, Texas, in order to centralize the functions of inmate designation and inmate sentence computation, including eligibility reviews pursuant to 18 U.S.C. [§] 3621(e)(2)(B) for early release. All inmate designations and sentence computation functions for the BOP are performed at the DSCC."). Thus, offense reviews are no longer conducted in the regional and institution legal offices. *See* P5331.02. Petitioner claims that BOP's procedure, which requires that all inmate requests for sentence reduction shall be determined by the national DSCC, constitutes impermissible forum shopping. Petitioner contends that, because the DSCC is located within the jurisdiction of the Fifth Circuit Court of Appeals, and not the Ninth Circuit where the *Arrington* decision applies, no BOP staff at the DSCC would have authority to find eligibility

under *Arrington*.[4] (Petition, p.6). Nothing in the record supports the conclusion that when BOP staff at the DSCC review an inmate's eligibility for RDAP placement, Ninth Circuit precedent is not considered with regard to inmates to whom such precedent applies. To the contrary, the BOP staff member who reviewed Petitioner's case states that he expressly considered whether the *Arrington* decision applied to Petitioner and he stated the reasons why he found the decision inapplicable to Petitioner. (*See* Answer, Att. 5, ¶¶1,5-7; *see also* Answer, Att. 3 (Petitioner's May 2010 request for offense review specifically noting why the *Arrington* decision did not apply to Petitioner)). "Regardless of where the BOP decision regarding Petitioner's ineligibility for §3621(e) sentence reduction was made, neither Respondent nor this Court contends that venue is not proper in this district. Additionally, appeal from this Court's decision is to the Ninth Circuit. Thus, this claim is without a factual basis and has no merit." *Parsons,* 2010 WL 5676523 at *2.

## II.     CONCLUSION

For the foregoing reasons, Petitioner is not entitled to summary judgment and his Petition for Writ of Habeas Corpus is without merit.

## III.     RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court: (1) deny Petitioner's Motion Clarifying Summary Judgment of April 1, 2011 (Doc. 21); and (2) deny and dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy.

---

[4] Petitioner also argues that BOP staff would not have authority to apply the Ninth Circuit's decision in *Crickon v. Thomas,* 579 F.3d 978 (9th Cir. 2009). However, as Respondent correctly points out, *Crickon* is inapplicable to Petitioner because that decision involved consideration of inmates' prior convictions when determining eligibility for RDAP placement. (*See* Answer, p. 7). Here, Petitioner was not found ineligible for RDAP placement based on his prior convictions.

Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 10-416-TUC-AWT.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 21st day of September, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge