IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| TRAVIS EUGENE KEESEE, | No. CV 10-416 AWT |
| Petitioner, | **ORDER** |
| vs. |  |
| CRAIG APKER, Complex Warden, |  |
| Respondent. |  |

In this 28 U.S.C. § 2241 habeas petition, Travis Eugene Keesee challenges the manner in which the BOP assessed his eligibility for admission to a Residential Drug Abuse Treatment Program ("RDAP"), the successful completion of which would entitle Keesee to a sentence reduction of up to twelve months, *see* 18 U.S.C. § 3621(e)(2). Keesee is currently serving a 15-year sentence of incarceration for firearm possession by an armed career criminal. Doc. 1 at 1. In May 2010, he was deemed ineligible for the RDAP on the basis of a regulation, promulgated by the Bureau of Prisons ("BOP") with an effective date of March 16, 2009, that precludes from eligibility persons whose current offense involves the possession of a firearm. Doc. 1 Ex. 1. Keesee claims that his eligibility should not have been determined on the basis of that regulation, because he applied for RDAP consideration before March 16, 2009. Doc. 1 at 16. He also alleges that the BOP failed to give him fair

1  notice of the rules, Doc. 1 at 17-19, and that the BOP's review procedures constitute "forum
2  shopping," Doc. 1 at 19-20.

3  Keesee filed this petition on July 9, 2010, while in custody at the Federal Satellite
4  Prison Camp in Tucson, Arizona. Doc. 1; Doc. 6 Att. 6 ¶ 2. The respondent answered the
5  petition on December 6, 2010, Doc. 11, and the next month Keesee filed his reply, Doc. 14.
6  Subsequently, Keesee filed a "Motion to Stipulate to Consent to Exercise of Jurisdiction By
7  United States Magistrate Judge," Doc. 16. After the respondent declined to enter into such
8  a stipulation, Keesee moved for summary judgment, Doc. 19. Magistrate Judge Hector C.
9  Estrada, to whom the action had been referred for a Report and Recommendation ("R&R"),
10 construed this motion as a response to the government's objection to the magistrate's
11 exercise of jurisdiction in this case for all purposes, pursuant to 28 U.S.C. § 636(c), and
12 denied the motion. Since then, Keesee has moved to "clarify" his summary judgment
13 motion, Doc. 21; this motion requests entry of summary judgment because the answer "failed
14 to appropriately respond, [and] thus [constituted] a waiver of affirmative defense," Doc. 21
15 at 2.

16 In September 2011, Magistrate Judge Estrada issued an R&R, Doc. 25, recommending
17 the denial of Keesee's motion, Doc. 21, and his petition, Doc. 1. Neither party filed an
18 objection to the R&R. In such circumstances, the Court will modify or set aside only those
19 portions of the R&R that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1);
20 Fed. R. Civ. P. 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
21 banc).

22 Having conducted an independent review of the record, the Court finds it a close
23 question whether Keesee, who admits he did not exhaust his administrative remedies before
24 filing his petition, should be excused from the exhaustion requirement. The Court disagrees
25 with the R&R's implication, *see* R&R at 6, that exhaustion would be futile simply because
26 the government has disputed the merit of Keesee's claims in this litigation. "If a litigation
27 position is enough to show futility, . . . then the futility exception would swallow the
28 exhaustion doctrine." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

1 Still, the government has not disputed Keesee's claim that there would be insufficient time
2 to exhaust his administrative remedies without effectively mooting the lawsuit. *See* R&R at
3 6. Given that effective concession, exhaustion was likely futile. In any event, the Court
4 concludes that the question need not be answered here because the petition asserts no
5 colorable claim. *See* R&R at 6; *cf. Granberry v. Greer*, 481 U.S. 129, 135 (1987) (in the
6 context of a 28 U.S.C. § 2254 habeas petition, stating that "if it is perfectly clear that the
7 applicant does not raise even a colorable federal claim," the court may deny the petition on
8 the merits without reaching the exhaustion question).

9 The Court concludes that in all other respects the R&R is not clearly erroneous or
10 contrary to law, and therefore adopts the remainder of the R&R in full.

11 Accordingly, **IT IS ORDERED** that the findings and recommendations made by
12 Magistrate Judge Estrada in his September 21, 2011, Report and Recommendation (Doc. 25)
13 are **ADOPTED**, except with respect to the R&R's exhaustion analysis as set forth above.
14 The Motion Clarifying Summary Judgment (Doc. 21) and the Petition for Writ of Habeas
15 Corpus brought pursuant to 28 U.S.C. § 2241 (Doc. 1) are **DENIED** and this action is
16 **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment
17 accordingly and close this case.

19 DATED this 25th day of January, 2012.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation